ON MOTION FOR REHEARING
McCORD, Judge.
We have withheld ruling on appellants’ motion for rehearing because of possible conflict between the opinion herein and the opinion of another panel of this Court in Daniels and Phillips v. State, 381 So.2d 707 (Fla. 1st DCA 1979). Our concern was with the ruling in Daniels and Phillips that an assistant state attorney does not have authority to make application for an order authorizing or approving the interception of wire or oral communications. That ruling has now become final with the filing of an opinion on August 30, 1979, denying motion for rehearing. Upon consideration of that opinion, we find conflict in the opinion sub judice with our statement to the effect that, under §§ 934.-07 and 27.181(3), Florida Statutes (1975), an assistant state attorney may authorize an application to a judge of competent jurisdiction for an order authorizing interception of wire communications by the Department of Criminal Law Enforcement. The opinion in Daniels and Phillips rules that only the state attorney has such power; that the federal statute, 18 U.S.C., § 2516(2), is preemptive and the “principal prosecuting attorney,” authorized therein to make application for an order approving interception of wire or oral communications, cannot be construed to include an assistant state attorney. It does not follow, however, that an assistant state attorney, who under § 27.181(3), Florida Statutes (1975), has all the powers of the state attorney, cannot authorize an application for extension or postponement of serving of inventories under § 934.09(7)(d), Florida Statutes (1975). The assistant state attorney clearly has such power, and it is only this power relative to application for extension or postponement of serving ¡ inventories that is questioned by appellants here.
Any language in our previous opinion in this cause which may be construed to authorize an assistant state attorney to apply for an order approving the interception of wire or oral communications is obiter dicta and is receded from as unnecessary to the decision in this case.
Motion for rehearing denied.
MILLS, C. J., and LARRY G. SMITH, J., concur.